**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD TREVINO, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] <br><br> Defendant. | Case No. SA CV 12-0185 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Richard Trevino ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physician, Dr. Patrick Pan. (Joint Stip. at 17-20.) The Court agrees with Plaintiff for the reasons discussed below.

    A.    <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating

---

[1/] Following the resignation of Michael J. Astrue, Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

### B. The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Pan's Treating Opinion

Here, the ALJ gave *four* reasons for discrediting Dr. Pan's treating opinion. (*See* Administrative Record ("AR") at 21.) The Court discusses – and rejects – each of those reasons below.

First, the ALJ found Dr. Pan's opinion to be unsupported by his own records. (AR at 21.) Specifically, the ALJ noted that Dr. Pan's treatment notes "reveal cursory mention of carpal tunnel syndrome." (*Id.*) But "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel-not to provide evidence for disability determinations. We therefore do not require that a medical condition be mentioned in every report to conclude that a physician's opinion is supported by the record." *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007). Here, as even the ALJ has stated, Dr. Pan's records provide at least *some* support for Plaintiff's diagnosis of carpal tunnel syndrome. (AR at 21; *see* AR at 939, 943, 951.) In light of such evidence, this reason must be rejected.

2

Second, the ALJ found that Dr. Pan "relied largely on [Plaintiff's] self-report of symptoms." (AR at 21.) Granted, an ALJ may reject a treating opinion if it is based "to a large extent" on a claimant's own statements that have been properly discredited. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But, here, no evidence supports a conclusion that Dr. Pan based his opinion, even partially, on Plaintiff's complaints. Instead, the opposite appears to be true, as Dr. Pan had, in fact, arranged for objective medical tests to be performed. (*See* AR at 945-46 (results from electrodiagnostic test).) In addition, Dr. Pan even referred Plaintiff to an orthopedic surgeon, who performed a physical examination of Plaintiff and confirmed Dr. Pan's diagnosis of carpal tunnel syndrome. (AR at 940-41 (orthopedic surgeon's report).) Thus, no grounds exist to support the ALJ's conclusion that Dr. Pan's opinion simply mirrored Plaintiff's complaints.

Third, the ALJ appears to dispute the medical integrity of Dr. Pan's opinion. Dr. Pan, for instance, found no "sensory abnormalities" with Plaintiff. (AR at 21; *see* AR at 1006, 1012.) Similarly, Plaintiff was noted to have "negative Phalen's and Tinel's signs." (AR at 21; *see* AR at 1018.) An ALJ, however, cannot "substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings." *Banks v. Barnhart*, 434 F. Supp.2d 800, 805 (C.D. Cal. 2006) (internal quotation marks, alterations, and citations omitted). In other words, the role of the ALJ here is not to analyze the results of medical tests, but to make findings based on a comparison of conflicting medical opinions. *See Magallanes*, 881 F.2d at 751. By exceeding its role, the ALJ thus failed to provide an adequate reason here.

Fourth, the ALJ found that Plaintiff's "subjective complaints largely focused on orthopedic symptoms, not carpal tunnel syndrome." (AR at 21.) Even so, Plaintiff's *subjective* complaints have no bearing on Dr. Pan's *medical* opinion, which, as established above, was based on objective medical techniques. This reason, therefore, also fails to satisfy the specific and legitimate standard.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinion of Dr. Pan. The Court thus determines that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

### C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, Dr. Pan's credibility must be properly assessed. Therefore, on remand, the ALJ shall reevaluate the opinions of Dr. Pan and either credit them as true, or provide valid reasons for any portion that is rejected.

\\\
\\\
\\\

1  Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
2 **REVERSING** the decision of the Commissioner denying benefits and
3 **REMANDING** the matter for further administrative action consistent with this
4 decision.[2/]

6 Dated: February 20, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2/]  In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 7-10.)

5